CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Ashley Anderson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASHLEY ANDERSON, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| GMRI, INC., a Florida corporation, | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff ASHLEY ANDERSON, by and through her attorneys, Charles H. Brower and Michael P. Healy, and for cause of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff ASHLEY ANDERSON (hereinafter "ANDERSON") is and was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant GMRI, INC., a Florida corporation (hereinafter "GMRI") is a Florida corporation with a principle place of business in the State of Hawaii.

3. Plaintiff was hired by Defendant GMRI on April 29, 2021, as a server at its Yard House Restaurant in Honolulu, Hawaii.

4. On July 5, 2021, Plaintiff was terminated from her position with Defendant GMRI due to discrimination based on her sex (transgender woman), and in retaliation for complaining about the discrimination and lack of corrective action by Defendant GMRI's managers regarding transgender harassment at the Yard House Restaurant.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

2

6. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on March 30, 2022. A Charge of Discrimination was filed by Plaintiff on September 23, 2021, alleging discrimination due to sex (transgender woman) and retaliation.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant GMRI on April 29, 2021, as a server in the Yard House Restaurant in Waikiki.

8. On June 20, 2021, Plaintiff was sexually harassed by discriminatory comments about her transgender status by a customer. The customer touched Plaintiff's arm and made the comments insinuating that Plaintiff was not a woman and the other customers at the table laughed about the comment.

9. Plaintiff reported the harassment, but the managers did not take action to proactively protect Plaintiff from further harassment. The manager had another server take over service of the harassing customers, but took no proactive corrective action against the harassing customers for the sexual harassment.

10. During the week after June 20, 2021, Plaintiff continued to report the incident to managers, including the General Manager, but no appropriate action was taken. Plaintiff became increasingly upset by the lack of action to prevent further

3

sexual harassment during that week. Plaintiff had to leave work early due to her stress on June 27, 2021.

11. On June 28, 2021, Plaintiff had to leave work early to go to Queen's Hospital. Plaintiff was feeling suicidal.

12. Plaintiff reported to managers that she was suicidal and had to leave work early to be driven by a friend to Queen's Hospital for treatment.

13. Plaintiff was admitted to Queen's Hospital for psychiatric care. Plaintiff's cell phone was removed by the staff upon admission so could not contact or update Defendant.

14. On June 29, 2021, a manager telephoned Plaintiff and left a message on her voice mail. Plaintiff had been scheduled to work on June 29, 2021. Since Plaintiff's cell phone had been removed, she did not get this message until a month later when she was discharged from Queen's Hospital.

15. No management personnel tried to contact Plaintiff or follow up to check on her status after June 29, 2021.

16. As of July 5, 2021, Plaintiff was terminated from employment citing the Defendant GMRI no call/no show policy.

17. On July 26, 2021, upon release from the hospital, Plaintiff was notified of her termination effective July 5, 2021.

4

18. After learning of what had happened to Plaintiff, Defendant GMRI did not offer to bring Plaintiff back to work.

## STATEMENT OF CLAIMS

## COUNT I - DISCRIMINATION

19. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

20. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to sex (transgender woman) and retaliation for complaining of the discrimination.

21. The aforesaid acts and/or conduct of Defendant and its employees/agents constitute discrimination as they were acts and/or failure to act by Defendant and its employees/agents in direct violation of Title of the Civil Rights Act of 1964, as amended.

22. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

23. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from

unlawful employment practices, and great humiliation, which is manifest in emotional distress.

24. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support himself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

26. Defendant and its employees' treatment of Plaintiff as stated herein, was negligent in dealing with the harassment Plaintiff experienced.

27. As a direct and proximate result of Defendant and its employees' actions, Plaintiff has suffered and continues to suffer emotional and mental distress, thereby entitling Plaintiff to relief related thereto, as stated herein, including an award of general damages.

28. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to employment with Defendant with all benefits reinstated; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For damages for intentional infliction of emotional distress; and

E. For punitive damages; and

F. For attorney's fees, costs, and interest, including prejudgment interest; and

G. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, June 28, 2022.

        /s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Ashley Anderson